UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 10-45791

JAMES L. WILSON, and                                      Chapter 13
RENAY C. WILSON,
                                                          Judge Thomas J. Tucker
            Debtors.
_____/

# OPINION REGARDING THE OBJECTION OF
# THE STATE OF MICHIGAN, DEPARTMENT OF TREASURY,
# TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

This case is before the Court on the objection filed by the State of Michigan, Department of Treasury, to confirmation of Debtors' Chapter 13 Plan (Docket # 45). The Court held a hearing on May 20, 2010, after which the parties filed briefs. The Court held a further hearing on July 1, 2010, and took the matter under advisement.

The relevant, undisputed facts in this case include the following.

A. The Debtors' 2009 tax year for purposes of their State of Michigan income tax ended on December 31, 2009.

B. Debtors filed their voluntary, joint Chapter 13 petition commencing this case on February 26, 2010.

C. Debtors timely filed their joint Michigan income tax return for 2009 no later than March 26, 2010. That return shows that Debtors owe the State of Michigan $1,576.00 in income tax for 2009. Such tax debt has not been paid.

D. Debtors' deadline for filing their 2009 Michigan income tax return, under Michigan law, was April 15, 2010.

E. As the Debtors acknowledge, under Michigan law, "the State of Michigan cannot

enforce collection efforts until April 15, 2010" with respect to the 2009 income tax debt.[1] This is true even though Debtors filed their 2009 Michigan income tax return before the April 15, 2010 deadline (on or before March 26, 2010).

F. The State of Michigan has not yet filed any proof of claim in this case for the Debtors' 2009 income tax liability.[2] The State's deadline for filing its proof(s) of claim in this case is August 25, 2010, which is 180 days after the filing of the bankruptcy petition. *See* Fed.R.Bankr.P. 3002(c)(1).

After considering all of the arguments and authorities presented by Debtors and the State of Michigan, the Court concludes as follows:

1. The State of Michigan's claim against Debtors for the 2009 Michigan income tax is a post-petition, rather than a pre-petition, claim. That is, the claim (*i.e.*, the "right to payment" within the meaning of 11 U.S.C. § 101(5)(A)) arose *after* the Debtors filed their bankruptcy petition in this case. The claim arose on April 15, 2010, when Debtors' 2009 Michigan income tax return was due under Michigan law, and when the State of Michigan first had a right to enforce Debtors' obligation to pay their 2009 income tax liability. This is so even though the Debtors filed their 2009 income tax return in March 2010, before the April 15, 2010 due date. In support of these conclusions, the Court agrees with the reasoning of the court in *In re Hight*, 426 B.R. 258, 260-63 (Bankr. W.D. Mich. 2010). To the extent any of these conclusions are inconsistent with the recent case from this district, *In re Senczyszyn*, 426 B.R. 250, 256-57

---

[1] Debtors' brief filed June 3, 2010 (Docket # 61) at p. 3.

[2] To date, the State has filed two proofs of claim, on May 11, 2010 (Claim nos. 19 and 20,) both of which relate only to the Debtors' 2008 income taxes.

2

10-45791-tjt    Doc 83    Filed 07/07/10    Entered 07/07/10 18:33:11    Page 2 of 6

(Bankr. E.D. Mich. 2010), the Court respectfully disagrees with that case, and finds the reasoning of the bankruptcy court in the *Hight* case to be more persuasive.

2. The State's claim for 2009 income tax, however, is a claim entitled to priority under 11 U.S.C. § 507(a)(8)(A)(i). From this it follows that the State's claim for 2009 income tax is a claim for which Debtors' Chapter 13 plan must provide full payment, in deferred cash payments, under 11 U.S.C. § 1322(a)(2), "unless [the State of Michigan] agrees to a different treatment of such claim."

3. It also follows that 11 U.S.C. § 502(i) applies to the State's claim. That section states that:

> A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, **and shall be allowed** under subsection (a), (b), or (c) of this section, **or disallowed** under subsection (d) or (e) of this section, **the same as if such claim had arisen before the date of the filing of the petition.**

(emphasis added).

4. Because § 502(i) applies to the State's post-petition claim for 2009 income taxes, the Court agrees with the following observations in the *Hight* case, and concludes that these observations apply in this case:

> [T]he notion that a straddling income tax claim is to be treated as if it in fact arose prepetition is carried over to the claims process as well. Again, debtors generally intend Chapter 13 plans to provide for only those claimants (or, better, creditors) who file proofs of claim under Section 501 and creditors for the most part, are only those claimants with a prepetition claim. 11 U.S.C. § 101(10)(A). "For the most part," though, is the operative phrase, for subpart (B) of Section 101(10) expands the definition of creditor to also include claims against the estate "of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title ..." (emphasis added). Consequently, not only does Section 1322(a)(2), in conjunction with Section 507(a)(8 and 502(i), compel a Chapter 13 debtor to provide in his plan for straddling postpetition tax claims, but Section 501(a), in

3

conjunction with Section 101(10)(B), also makes it clear that any taxing authority owed such a straddling debt must file a proof of claim in order for it to be paid under the plan. But if the taxing authority is required to file a proof of claim under Section 501(a) for this type of postpetition claim, then it stands to reason that the debtor too may file under Section 501(c) a protective proof of claim for that same debt if the taxing authority does not do so.

      In summary, then, the State's challenge to the propriety of Ms. Hight's protective claim for her 2008 income tax liability must fail. Although the claim did not in fact become a "right to payment" (i.e., a claim) within the meaning of Section 101(5) until after Ms. Hight commenced her case, Section 1322(a)(2) required that it be paid as if it were a prepetition claim and, under Ms. Hight's plan, proofs of claim are required if such claims are to be allowed. Therefore, Ms. Hight clearly had the opportunity under Section 501(c) to file a protective claim when the State elected not to file its own proof of claim.

426 B.R. at 264 (footnote omitted).

    5. In the face of the State's objection, the Debtors cannot obtain confirmation of a plan that purports to fix the amount of the State's allowed claim for 2009 income tax, or that deems the State to have filed a proof of claim for 2009 income tax, when in fact the State has not yet filed such a proof of claim. Essentially, unless the State and the Debtors agree to a stated amount for the State's claim, the most Debtors' Plan may state at this point is that when and if the State has an allowed claim for 2009 income tax, such claim will be paid in full, in deferred cash payments, in whatever the allowed amount of the claim is.[3] This is because only the State may file a proof of claim, under 11 U.S.C. § 501, for this post-petition, priority claim in the first instance. The Debtor is not authorized to file a claim for this unless and until the State fails to do so by the deadline for the State to file claims. If and when that occurs, the Debtors then may file

---

[3] Indeed, under 11 U.S.C. § 1322(a), the plan must state at least this, unless the State and the Debtor agree to some other treatment of the State's 2009 income tax claim.

4

a claim, with 30 days, under 11 U.S.C. § 501(c) and Fed.R.Bankr.P. 3004.[4]

6. The ways in which the State's claim for 2009 income tax may become an allowed claim in this case are these: (a) the State may file a claim for the 2009 income tax by its August 25, 2010 deadline; and (b) if the State does not file such a claim by the August 25, 2010 deadline, then the Debtors may file such a claim, no later than September 24, 2010 (30 days after the State's August 25, 2010 deadline). If the State files a timely claim, the Debtors may object to such claim on any available ground that is not inconsistent with this opinion. If the State does not file a timely claim and the Debtors then do file a timely claim, the State may object to such claim on any available ground that is not inconsistent with this opinion.

7. From the foregoing, it follows that the State's objection to confirmation must be sustained to the extent the State objects to the Debtors' Plan's fixing the allowed amount of the State's claim for the 2009 income tax, or to the Plan's deeming the State to have filed a proof of claim for such tax, in any amount, when the State in fact has not yet filed a claim and the time when the Debtors may file such a claim has not yet arrived. The State's objection to confirmation must be overruled, however, to the extent it argues that the Debtors' Plan may not include a treatment of the State's post-petition claim for 2009 income taxes under 11 U.S.C. § 1322(a)(2).

8. The Court's conclusions stated in this opinion are not inconsistent with 11 U.S.C. § 1305(a)(1). That section authorizes any governmental unit to file one or more claims in this

---

[4] This state of affairs may mean that for some time after confirmation, the Chapter 13 Trustee will be unable to make any distributions to the State of Michigan for its 2009 income tax claim. This should be an incentive for the Debtors and the State to try to agree, as soon as they possibly can, on the amount of the State's allowed claim for the 2009 income tax.

Chapter 13 case for "taxes that become payable" to it "while the case is pending." Section 1305(a) therefore authorizes the State and other governmental units to file claims for post-petition taxes *of all kinds* that become payable while this case is pending. It is not limited to taxes that have priority-claim status under 11 U.S.C. § 507(a)(8), and to which 11 U.S.C. § 502(i) applies, like the 2009 income tax at issue in this case. Moreover, as the court in the *Senczyszyn* case held, "the fact that the State of Michigan has the option to file certain claims under § 1305 is not a basis under § 502(b) for disallowance of [a] claim filed by the Debtors . . . under § 501(c)." 426 B.R. at 256.

The Court will enter an Order consistent with this opinion.

**Signed on July 7, 2010**             /s/ **Thomas J. Tucker**
                                       **Thomas J. Tucker**
                                       **United States Bankruptcy Judge**

6

10-45791-tjt    Doc 83    Filed 07/07/10    Entered 07/07/10 18:33:11    Page 6 of 6